## CRAWFORD v. THE BRANCH BANK AT MOBILE.

1. The Bank of the State and its Branches, being public property, its books are public writings, and when the books themselves would be evidence, if produced, sworn copies are admissible in evidence.
2. A clerk of the Bank cannot testify to facts of which he has no knowledge, from notes, or *memoranda*, taken from the books of the Bank.

Error to the Circuit Court of Mobile.

MOTION by the Bank, against the plaintiff in error, as maker of a promissory note. The defendant appeared and issue was joined, on the plea of payment. The defendant, as appears from a bill of exceptions, introduced the Cashier of the Bank, and asked him, if he had produced the books, agreements, &c., connected with a shipment of cotton by the Bank, and produced the *subpoena* executed on him, and the President, requiring them to produce them. The books not being produced, the Court allowed the defendant to examine the witness as to their contents, who testified that he had made but a partial examination of their contents, and could not well answer. That he inferred from the words, "on cotton," written on the back of the book, in red ink, that the note was received in bank, in connection with a shipment of cotton by the defendant, through the bank ; that the writing was made by a clerk of the Bank, and that the transactions,

termed cotton transactions, were kept separate, from the ordinary accounts of the Bank. That he was of the impression, that the Bank had received 190 bags of cotton of the defendant, for shipment, but did not know to whom shipped, when sold, nor the price of cotton in the market. The defendant then proved the value of cotton in the market, and the average receipts by another witness.

The plaintiff, in reply, introduced a clerk of the Bank, who testified, that he was not a clerk in the Bank at the date of the transaction referred to; that he had made some of the entries in these books, and was not the keeper of them, but had access to them. He produced memorandums which he had just taken, shewing both the description of a draft, and the note in dispute, which note he stated had been discounted by the Bank, on the day of its date, and his memorandum stated the amount that had been paid for them; these he stated, were based on a shipment of cotton. He further testified, to a note having been discounted in December, 1840, to settle the balance on the cotton shipment. He was asked whether the last note was taken to settle the whole transaction, or the balance due on the draft, but could not answer with precision, and could not tell what the cotton sold for.

When this examination commenced, the defendant's counsel objected to any question being asked apparent on the books or papers of the Bank, and insisted that the books and papers, or sworn copies at least, should be produced, and the testimony of the clerk was not competent; but the Court overruled the objection, and permitted the witness to speak from the memorandums taken from the books; to all which the defendant excepted. The plaintiff had judgment, from which this writ is prosecuted.

The plaintiff in error filed a written argument, in which he relied upon the following authorities: 4 Ala. Rep. 159; Washington C. C. R. 51; 2 Sumner, 453; 1 Peters, 596; 9 Wheaton, 558; 3 Robinson's Law. R. 33; 3 Watts & Ser. 291; 5 Ala. Rep. 784; 1 Phillips Ev. 290; 4 Ala. Rep. 46.

DARGAN, contra.

ORMOND, J.—An exception to the general rule, that the best evidence must be produced, obtains in the case of public

writings, as it would be improper to permit them to be transported from place to place. [1 Phillips Ev. 428.] In England, it has been held, that the books of the East India Company, and the Bank of England are, for some purposes considered as public writings, from the interest the public have in them, and so far as the books themselves would be evidence, if produced, sworn copies may be admitted in evidence. See the authorities referred to by Phillips at page 428, and see also, 1 Starkie, 157 ; Mann v. Cary, 3 Salkeld, 155 ; Philadelphia Bank v. Officer, 12 ; S. & R. 49 ; Ridgeway v. F. Bank of B. County, ib. 256.

The Bank of the State of Alabama, and its Branches, are the property of the public, and there can be no doubt, that its books are public writings, within the meaning of the rule, and that where the books themselves would be evidence, if produced, sworn copies may be received. How far the entries on the books of the Bank would be evidence, either for or against it, is a question not now before us.

In the present case, a clerk of the Bank was permitted, from *memoranda* which he had taken from the books, to give parol evidence of the facts there stated, on the part of the Bank. We understand the bill of exceptions to be, not that the clerk produced in Court, a copy from the books of the Bank, of the fact to be proved, but that he had taken *memoranda*, or notes, from the books, from which he was permitted to give parol evidence of the facts, of which he had no knowledge, further than as he found them recorded on the books of the Bank. For this error, the judgment must be reversed and the cause remanded.