(\*) LOCK *versus* JOHNSON.

The statute protects from the trustee process the avails of one month's personal labor of the principal defendant.

A trustee, indebted to the principal defendant for his personal labor, is bound to disclose not only the indebtedness, but also that it accrued for such labor.

If he do not disclose that it accrued for such labor, a judgment against him as trustee will furnish no protection in an action against him by the laborer for the services.

ON FACTS AGREED.

ASSUMPSIT.

Lock labored for Johnson at $12,50, per month. On settlement, May 3, 1852, the balance due to Lock for his services was $12,17.

On June 5, 1852, Johnson was summoned as trustee in a suit against Lock, which was subsequently defaulted. He disclosed his indebtedness of $12,17, without showing that it was for labor done, and was adjudged trustee, and subsequently paid $5, upon the judgment.

This suit is brought by the laborer to recover the $12,17.

The case was submitted to the Court.

*Simpson*, for the plaintiff.

*Briggs*, for the defendant.

The plaintiff relies upon the statute provision, c. 119, § 63, that no person shall be adjudged trustee by reason of any amount due from him to the principal defendant, as wages for his personal labor for a time not exceeding one month.

We reply, 1st, the agreed facts do not show, that the indebtment was for "personal labor," but for "services."

2d. Between the settlement of May 3, and the issuing of the trustee writ, more than a month had elapsed, so that another month's wages may have been earned by the plaintiff. It is the *last* month's labor only which is protected.

3d, It is nowhere made the duty of a trustee to disclose unasked, upon what account an indebtedness accrued, which he admits to exist against him.

Lock *v.* Johnson.

HATHAWAY, J. — The plaintiff had been at work for the defendant for twelve dollars and fifty cents per month, and on the third day of May, 1852, they settled and found due to the plaintiff twelve dollars and seventeen cents, for which the defendant gave to the plaintiff his due bill not negotiable.

The action is assumpsit on an account annexed for one month's labor, and also on the due bill which was given " for the labor embraced in the account annexed." On the fifth day of June, 1852, the defendant was summoned as the trustee of the plaintiff and appeared and disclosed his indebtedness for the amount of the due bill, and was charged as trustee. He made no disclosure concerning the consideration of the due bill. By R. S., c. 119, § 63, it is provided that "no person shall be adjudged trustee by reason of any amount due from him to the principal defendant, as wages for his personal labor, for a time not exceeding one month."

The statute secures to the laborer his claim of payment for one month's labor, and places it beyond the reach of his creditors; and his debtor cannot deprive him of it, by his neglect to disclose the whole matter, when summoned as his trustee.

That the trustee did not discharge himself was no fault of the plaintiff.

The defendant could not, by his own act or neglect, transfer the plaintiff's claim to a third person.

The due bill was no payment for the labor; it was not negotiable.

As agreed by the parties, a default must be entered for the amount of the due bill and interest from the date of the writ.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.