Z. CLARK *v.* GEORGE AVERILL, *trustee of* CHARLES L. TAYLOR.

*Trustee process.    Household furniture.    Attachment.*

If one have in his possession articles of household furniture, belonging to another, and he be sought to be made chargeable therefor as the trustee of the owner by the trustee process, it is a good ground for his discharge as trustee that the property in his hands is exempt from attachment, even though the principal debtor make no such claim.

The principal debtor, who had been a hotel keeper, and who owned and had used in that business five carpets, five dozen knives and forks, seven large fluid lamps, twenty small fluid lamps, two fluid cans, five pails, twelve tumblers, eighteen goblets, and a few other articles of household furniture, allowed his successor in the hotel to use them in the same business. In an action against the principal debtor the person in possession of these articles

Clark *v*. Averill.

was summoned as trustee, and sought to be made chargeable therefor; *Held,* that the property was exempt from attachment, and that the trustee should be discharged.

TRUSTEE PROCESS. The question of the liability of the trustee was referred by the county court to a commissioner, who reported the following facts :

The principal debtor, Taylor, occupied the Franklin House in Highgate, as a hotel, as a tenant, for some time previous to October 13th, 1857, and during that time he owned and used in the hotel five carpets, five dozen common white handled knives, five dozen plated forks, seven large fluid lamps, twenty small fluid lamps, two fluid cans, five old pails, twelve quart tumblers, eighteen goblets, and certain other articles of household furniture not designated, worth about thirty dollars. Taylor was in poor circumstances and owned no other property than the articles above mentioned, the aggregate value of which was only one hundred dollars.

On the 13th of October, 1857, the trustee purchased and moved into the Franklin House, and by permission of Taylor made use of the articles above described, until after the service of the trustee process upon him, in the same manner as Taylor had previously used them. Taylor remained in the house and boarded with the trustee. At the time of the purchase of the hotel by the trustee, he and the principal debtor had some negotiation in regard to the purchase of these articles by the former, but the sale was not effected.

The trustee claimed before the commissioner that he should not be held liable, because the property of the principal debtor in his hands was household furniture and exempt from attachment, but the commissioner held that the best of the five carpets, which was worth twenty-five dollars, four dozen of the knives and forks, worth sixteen dollars, six large fluid lamps and sixteen small fluid lamps, worth seven dollars and a half, one fluid can, ten quart tumblers and fifteen goblets, worth in all four dollars and seventeen cents, were not such articles of household furniture as to be exempt from attachment, and reported that the trustee was chargeable for such articles, unless the court should be of the opinion that they were exempt from attachment.

34

The county court, at the September, term, 1858,—Pierpoint, J., presiding,—on a hearing upon the report, adjudged that the trustee was not chargeable, to which the plaintiff excepted.

————— —————, for the plaintiff.

1. The trustee can take no advantage of the fact that the property in question was exempt from attachment. That right is purely a personal right, and belongs exclusively to the principal debtor.

2. The property in question was not exempt from attachment, at least but a small portion of it. To render household furniture exempt from attachment it must be such as is deemed convenient and useful in each particular case, and must be procured by the owner for the ordinary use of himself and family; *Garret v. Patchin,* 29 Vt. 248.

*H. S. Royce,* for the plaintiff.

The statute exempting household furniture from attachment has always received a liberal construction. In this case each of the articles in question is of a *kind* which comes within the exemption. The aggregate value of the whole is so small that the mere fact that there was a greater number of some of the articles than some families possess, should not be regarded as important. But many families possess and use a greater number of each of these articles than the case shows to have been owned by the defendant.

Poland, J. There is no question made but that all the articles of property in the hands and possession of the trustee belonging to the principal debtor, were in the strictest sense, articles of household furniture, and such as would be exempt from attachment and execution by the creditor of the principal debtor, provided he had not a greater quantity than could reasonably be said to be necessary for the use of his family.

Nor is it claimed by the plaintiff that the princpial debtor had an aggregate of household furniture than was greater than by law he was entitled to keep, or even so much as would be necessary to enable him to be a comfortable housekeeper, but he says that he had more of these particular articles than he needed. The

commissioner reports that this was all he had, and that the value of the whole was only one hundred dollars.

A question is made in the outset, whether the trustee can object to this property being held by the plaintiff under this trustee attachment, upon the ground that it is exempt from attachment and execution generally by the creditors of the principal debtor. It is said by the plaintiff that this is a mere personal privilege that no one but the debtor himself can set up, in his own name. But we think this objection may be set up by the trustee, and if he establishes that the property is not liable to be taken for the payment of Taylor's debts, it is a good legal answer to this action against himself.

It was decided many years ago that when property exempt from attachment was sold by the owner, but allowed by the purchaser to remain in the vendor's possession, and was then attached by the vendor's creditor, the purchaser could rely on the exemption of the property from attachment, and thereby recover it from the creditor, and this has ever since been followed. The principle is quite analogous to this case.

The principal debtor had been engaged in keeping a hotel, and all this property had been used by him as part of the furniture of the house. Whether it was originally purchased for the hotel, or whether he purchased it or had used it for mere private housekeeping, does not appear in the case.

As Taylor was the head of a family, he would clearly be entitled to a reasonable amount of household furniture to enable him to keep house, whether he purchased it for that purpose or not.

The most valuable of the articles were the five carpets, the best one the commissioner reports was worth twenty-five dollars; the value of the others he does not state. We apprehend that there is no ground to say that these were attachable, and that there are hundreds, and probably thousands of families, who have carpets, more in number and many times the value of these in use in their houses, where no creditor would dream that he might hold them by attachment. The knives and forks, lamps, tumblers and goblets, were probably more in number than the majority of families possess, but still not so large or valuable as many families of only moderate means have. The quantity seems greater for

lack of variety. It seems to us that the idea that this property exceeded in amount what the principal debtor was entitled to keep, arose rather from the condition of the property, and from the fact that it was not in actual use by him for housekeeping, and that he was negotiating for the sale of it, rather than on account of any excess of quantity or value, but still, these facts can hardly influence the decision of the question.

The decisions of the courts of this State have been very liberal in the construction of this act, often going quite beyond the letter of the law to carry out its spirit and intention, and notwithstanding the liberality of the courts, the legislature have nearly every year added to the list of exemptions. The property in question comprised not only all the household furniture of the principal debtor, but also all his property.

We think we could not by any fair rule of liberality that obtains on this subject, subject enough of this property in the hands of the trustee to the plaintiff's attachment, to make him liable.

The judgment discharging the trustee is therefore affirmed.