WINTERFIELD VS. MILWAUKEE AND ST. PAUL RAILWAY COMPANY — GARNISHEE, ETC.

*Garnishee may set up defendant's exemption, as a defense.*

1. Under the statute (R. S., ch. 120, sec. 113, as amended by sec. 1, ch. 161, Laws of 1871), a garnishee may set up the defense that the property, money, credits, effects or indebtedness mentioned in the affidavit for garnishment, are exempt from seizure or sale on attachment or execution.

2. When the garnishee knows the fact of such exemption, and especially when he is requested by the principal debtor to set up that defense, *quære* whether he must not do so to protect himself from liability to such debtor.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff having commenced an action on a promissory note against one Patterson, before a justice of the peace, caused the defendant, the *Railway Company*, to be summoned as a

garnishee. The affidavit upon which the summons to the garnishee was issued is in the form prescribed by the Revised Statutes, ch. 120, sec. 113, as amended by Laws of 1871, ch. 161, sec. 1. That is to say, it states that the garnishee is indebted to Patterson, and that such indebtedness is not exempt from seizure or sale upon attachment or execution. The garnishee summons was also served upon Patterson, as required by the law of 1871, but he did not become a party to the proceedings by filing the notice that he claimed such indebtedness as exempt from seizure, pursuant to the provisions of the law. (Sec. 3.)

The railway company, by its general solicitor, Mr. Cary, appeared before the justice, and answered that the company owed Patterson seventy dollars, being his wages as a conductor on its railroad for the preceding month; that this was the extent of its indebtedness to him; and that Patterson then had a family for whom he provided, and who were wholly dependent on him for support. An issue was made in due form of law upon such affidavit and answer, which was afterwards tried; and the justice rendered judgment against the railway company, the garnishee.

The company appealed to the county court of Milwaukee county; and, on the trial of such issue in that court, in addition to the facts stated in the answer made before the justice, it was proved that Patterson resided in this state from a time previous to the commencement of the action against him, and that when the action was commenced, he notified the proper officers of the railway company that he claimed the indebtedness due him from the company as exempt from garnishee process, and requested the company to make that defense in the garnishee action.

The county judge held that the debtor alone had the right to claim such exemption, and gave judgment for the plaintiff, from which the railway company appealed to this court.

*Cary & Cottrell*, for appellant:

JANUARY TERM, 1872.          591

Winterfield vs. Milwaukee & St. Paul Railway Co.—Garnishee, etc.

The garnishee can set up the defense that the indebtedness sought to be garnisheed is exempt.   The affidavit must state that it is not exempt, which is a material allegation, and, if the answer traverses that allegation, the question is to be tried upon the issue so formed.   Ch. 161, Laws of 1871.   It is not only the privilege but the duty of the garnishee to set it up. He must do it for self protection, where such indebtedness is absolutely exempt, because a judgment against him as garnishee will not protect him in an action by the principal defendant.   Drake on Attachment., 479; *Lock v. Johnson*, 36 Me., 464; *Clark v. Averill*, 31 Vt., 512:

*E. Fox Cook*, for respondent.

The statute (ch. 161, Laws of 1871) gives the right to claim the exemption only to the principal defendant, and points out the manner in which it shall be exercised.

LYON, J.   This appeal presents but a single question, which is, whether a person who has been summoned as a garnishee, may answer that the property of the debtor in his hands, or his indebtedness to such debtor, is exempt by law from seizure on attachment or execution; and, by proving that it is so exempt, defeat the garnishee suit.

We are clearly of the opinion that the garnishee may interpose such defense.   The statute makes the affidavit the complaint in the garnishee action, and requires that, among other things, it shall state "that the property, money, credits, effects or indebtedness mentioned therein are, to the knowledge or belief of the person making such affidavit, not by law exempt from seizure or sale on attachment or execution."   It would be very remarkable if the legislature intended, when it enacted that such affidavit should be the complaint in the action, that the garnishee should not be permitted to answer one of its most material averments of fact.   Were it intended to create such an anomaly in practice, the law would have expressly so provided.

Besides, it is not at all certain, had the railway company neg-

lected to interpose such defense, that Patterson could not have compelled it to pay the debt to him, notwithstanding the garnishee judgment. Knowing that the indebtedness was exempt, it was not only the right of the company, but very probably it was its duty, for self protection, to interpose the defense. And this the more especially after Patterson had formally requested it to do so.

.· The following authorities are to the same effect. · Some, but not all of them, are founded upon statutes requiring the garnishee to interpose the defense, if the property sought to. be reached by the process, is exempt.. But it is believed that such statutes are merely declaratory of· the law as. it existed before they were enacted. *Gery v. Ehrgood*, 31 Pa. St., 329; *Staniels.v. Raymond*, 4 Cush., 314; *Davenport v. Swan*, 9 Humph., 186; *Lock v. Johnson*, 36 Maine, 464; *Clark v.·Averill*, 31, Vt., 512; Drake on Attachment, § 479.

The judgment of the county court must be reversed, and a *venire, de novo* awarded.

*By the Court.*—So ordered.