CHICAGO AND ALTON RAILROAD COMPANY

*v.*

RICHARD W. RAGLAND.

| 84 | 375 |
| 98a | 1660 |
| 84 | 375 |
| 103a | 1601 |
| 84 | 375 |
| 206 | 1521 |
| 84 | 375 |
| 112a | 1395 |

1. GARNISHEE—*should claim the benefit of exemption for his creditor.* A railroad company, when garnished as the debtor of its employee, for wages due him, he being the head of a family, residing with the same, is bound to set up that fact for such employee, and claim the benefit of the exemption given him by law in such cases.

2. SAME—*liable to his debtor if he pays over money exempted from garnishment.* If a garnishee pays over money due from him to his employee for wages which are exempt from garnishee process, it seems he can not set that fact up in defense to a suit brought by such employee to recover such wages.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Messrs. HUGHES & McCART, for the appellee.

Per Curiam: This case originated before a justice of the peace of McLean county, and was taken by appeal to the circuit court, where a judgment was recovered in favor of appellee, against appellant, to reverse which this appeal is taken.

The only question presented by the record is this: Does the law require a party who is garnisheed, as was appellant, to disclose the fact that his creditor was the head of a family, and claim for him the benefit of the exemption allowed by law.

Section 14, chap. 62, title, "Garnishment," provides, that the wages and services of a defendant, being the head of a family, and residing with the same, to an amount not exceeding twenty-five dollars, shall be exempt from garnishment. Rev. Stat. 1874, p. 552.

Appellee was an employee of the appellant railroad company, which became the debtor of appellee for wages, and was garnisheed by a creditor of appellee. A judgment was recovered against appellant, which was paid, appellant failing to claim, for the benefit of its employee, the exemption granted by this section.

It is insisted, appellant had no concern with this matter, and their paymaster had no knowledge of the domestic relations of appellee.

It appears, however, that other employees of the railroad company did know the fact, and it was quite easy for all the officers of the company having active connection with all the employees, to know it. It is a very easy matter, attended with no trouble or expense, to make the inquiry of every one, when employed, if he has a family and residing with it, and to enter on the pay-roll the word "family." We are inclined to think a railroad company should take an interest in the well-being of all its employees, and concede to them and obtain for them all the advantages the law gives them. They are generally poor men, not well informed of their rights, and it would not be in derogation of the higher position occupied by the corporation, to save and protect their interests in all cases, especially when it can be done without trouble and expense to the corporation. Such a disposition, when manifested, can

not fail to render the relations existing between employer and employee more agreeable, and perhaps more profitable, and this in all cases of employer and employee.

Some cases are cited by appellee, holding, if a garnishee pays over money exempt from garnishment, he can not plead it in defense to a suit brought by a laborer for his wages. *Lock* v. *Johnson*, 36 Maine, 464; *Winterfield* v. *Railway Co.* 29 Wis. 589; and other cases.

By our statute, twenty-five dollars of the amount claimed of appellee by his creditor, then in the hands of appellant, was not subject to garnishment. It was held in trust by the company for appellee, and should go where the law directed it to go. *Cooper et al.* v. *McClun*, 16 Ill. 435.

We think the justice of the case is with appellee, and affirm the judgment.

*Judgment affirmed.*