## C. L. MULL & SON v. ED. F. JONES.

1. GARNISHMENT—*Practice.* An order of a justice of the peace directing a garnishee to deliver property or pay money to the judgment creditor which the garnishee may have in his possession belonging or owing to the judgment debtor, is not a final determination between the parties; and in an action subsequently brought against the garnishee by the judgment creditor to enforce such order, a garnishee may answer and show whether he had money or property in his possession belonging to the

judgment debtor, or was indebted to him, and if so, what the character of such property or indebtedness was, or any other fact affecting the question of his liability as garnishee. (*Board of Education v. Scoville*, 13 Kas. 32.)

2. GARNISHEE—*Defense.* A garnishee may interpose the defense, and show that the property or money of the judgment debtor in his hands, or his indebtedness to such debtor, is exempt by law and cannot be subjected by garnishment to the payment of the judgment in favor of the judgment creditor.

3. EXEMPT PROPERTY—*Sale, When Not Fraudulent.* A sale or gift of property which is exempt from seizure and sale on attachment or execution, made by the debtor either to his wife or a stranger, where there is no attempt to perpetrate a fraud upon the exemption law, cannot operate as a fraud upon his creditors.

### *Error from Jackson District Court.*

ACTION by *Mull & Son* against *Jones*, as garnishee, to recover $80.35. Trial at the March Term, 1884, and judgment for defendant. The plaintiff brings the case here. The material facts are stated in the opinion.

*J. H. Keller*, for plaintiffs in error.

*Hayden & Hayden*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On the 28th day of September, 1882, the plaintiffs, Charles L. Mull & Son, obtained a judgment before a justice of the peace of Jackson county, against one W. A. Brown, for the sum of $60.85. An execution was issued thereon, and returned unsatisfied. On the 14th day of November, 1883, the plaintiffs made and filed with said justice the required affidavit, and caused a notice in garnishment to issue to A. L. McDowell, T. P. Moore, and the defendant herein, Ed. F. Jones, commanding them to appear and answer all questions touching their indebtedness to W. A. Brown, and the property and money of every description in their hands belonging to said Brown. On the 17th day of November, 1883, Ed. F. Jones appeared, and answered that he was not indebted to W. A. Brown, and had no money or property belonging to Brown

in his hands at the time the notice was served upon him. His answer not being satisfactory to the plaintiffs, notice was given to the justice of that fact, and a trial of the truth of his answer was demanded; whereupon a trial was accordingly had before the justice of the peace, and a finding made that the answer of said Jones was not true, that the disclosures were incomplete, and that at the time the garnishee notice was served upon him he was indebted to said W. A. Brown in the sum of $119.78. The justice of the peace thereupon made an order that Jones pay into that court the sum of money so found to be due, or so much thereof as would be sufficient to discharge the judgment and costs recovered by the plaintiffs against W. A. Brown, to wit, the sum of $80.35. The plaintiffs then demanded of Jones the amount so ordered to be paid, which demand was refused. Thereupon, and on the 24th day of November, 1883, the plaintiffs, Charles L. Mull & Son, commenced this action against the defendant Ed. F. Jones, as garnishee, to recover the sum of $80.35, based upon the findings and order above mentioned. On a trial before a justice of the peace, a judgment was obtained by default against the defendant, who thereupon appealed to the district court, and a trial was there had by the court and a jury, resulting in a verdict and judgment in favor of the defendant.

The plaintiffs allege error in the reception of testimony, and in the instructions given to the jury. In the objections to the judgment and verdict made by plaintiffs, they discuss and present two points:

1. They contend that the order made by a justice of the peace in a garnishment proceeding under § 42, ch. 81, Comp. Laws of 1879, requiring the garnishee to pay money due to his creditor into court, is a judgment, and of such a character as concludes the garnishee, and precludes any future or further examination or consideration of the questions that were or might have been inquired into upon the trial of the truth of the garnishee's answer.

The force and effect of this order has already been considered by the court, and determined against the claim made by

plaintiffs in *Board of Education v. Scoville,* 13 Kas. 32. In speaking of such orders made by a judge *pro tem.* of the district court and by a justice of the peace, the court say :

"Neither of said orders is a judgment. The making of them is not an adjudication between the parties. It does not determine their ultimate rights. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is in effect only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights, and the payment of the money can be enforced from the garnishee to the creditor only by an ordinary action." (See also *Phelps v. Railroad Co.,* 28 Kas. 169.)

It is clear, then, that the defendant was not concluded by the order, and was entitled to show whether he was indebted to W. A. Brown at the time the garnishee process was served upon him, and if so, what the character of the indebtedness was. This was the nature of the testimony offered by Jones on the trial of this action, and we think there was no error in its admission by the court.

2. The other point contended for by the plaintiffs is, that the garnishee cannot set up the defense or introduce evidence to show that the money or property in his hands belonging to the judgment debtor, or his indebtedness to such debtor, is exempt. It appears from the testimony offered in behalf of the defendant Jones, that W. A. Brown, who is the head of a family and a resident of Jackson county, Kansas, owned a team of horses, which he claims were exempt, and that he sold them to J. C. Brown, his wife, who afterward, in turn, sold them to A. L. McDowell, in payment of which, McDowell executed his promissory note payable to the order of J. C. Brown. Mrs. Brown placed the note in the hands of Jones for collection, and afterward withdrew it from him, and indorsed and sold the same to her mother, M. A. Crawford, who thereupon returned the note for collection to the defendant Jones, and he collected the amount due thereon from McDowell on the same day that the garnishee notice was served upon

him.   Testimony was given showing that at the time W. A. Brown sold the team he had no other horses or mules, and therefore the team was exempt.   All testimony of this character, and in regard to the exemption of the money, was objected to by the plaintiffs and admitted over their objection. After the evidence was all in, the plaintiffs asked the court to instruct the jury as follows:

"1.  That the defendant Jones cannot in this case set up the defense that the money in his hands was exempt under the statute of the state of Kansas.

"2.  That the order of the justice of the peace in the garnishee proceeding made in said cause, ordering Jones, the defendant herein, to pay the money in his hands into court, or so much thereof as will be sufficient to discharge the judgment in the case of the said plaintiffs against W. A. Brown, and the costs of said cause, and that said order not having been appealed from, that the said order is now final, and that said Jones cannot interpose the defense that said money in his hands is exempted by statute."

Both of these instructions were refused by the court, and the court thereupon gave the following instruction:

"If you find from the evidence that the money in the hands of Ed. F. Jones, the defendant, was for a team of horses sold by W. A. Brown, and that it was the only team of horses he owned at the time, and that he had no mules or other horses, and that he was the head of a family and a resident of the state of Kansas, then the money is exempt and is not subject to garnishee process, and your verdict will be for the defendant."

Plaintiffs excepted to the giving of this instruction, as well as to the refusal of those which they had asked; and on this exception they raise the question, Can the garnishee interpose the claim of exemption in behalf of his creditor?   We think this question must be answered in the affirmative.   The garnishee is required to appear and answer all questions that may be put to him touching the money or property in his possession belonging to the defendant, as well as to disclose what is owing from him to the defendant.   He is not confined in his answers to the mere statement of the value or amount of the

property or funds of the defendant in his hands, but he may, and probably should, state the description and character thereof, and if his answers disclose the fact that the money or property of the defendant which he may hold is exempt, or for any reason is not subject to seizure and sale in a garnishment proceeding, he cannot be compelled to deliver or pay over such property or money to the court. It is well settled that the garnishee cannot be charged for money or property of the debtor which he may have in his hands, unless the same is capable of being seized and sold on execution. (Drake on Attachment, § 480; Thompson on Homesteads and Exemptions, § 860.)

While exemption is in a certain sense a privilege, and one which may be waived by the person entitled thereto, yet it is a privilege which continues in a debtor until he waives the same. It will hardly be contended that the defendant has forfeited or waived that privilege until he has had notice of the garnishment proceeding. If upon notice he should expressly waive the exemption, or if after notice he should neglect and refuse to assert the privilege and claim the exemption, it possibly might be treated as an implied waiver of his right, which would protect the garnishee in case he should pay over the money or deliver the property from any subsequent action brought by the debtor against him to recover the same. But if there was no waiver of the exemption by the debtor, and the garnishee with knowledge that the property was exempt, failed to disclose that fact to the court, or to give the debtor notice that his property had been garnished, he would, we think, be liable to the debtor for such property, notwithstanding he may have delivered the same upon the order of the court in the garnishment proceedings, or that he may have satisfied a judgment obtained upon such order. To avoid such liability, we think the garnishee should be allowed to show any fact affecting the question of his liability as garnishee, and make such a defense as will protect himself. The theory of the law is, that the garnishee is impartial and indifferent as between the plaintiff and defendant, and is only in-

terested in making a proper disposition of the money or property which he may have, and which the plaintiff seeks to reach by garnishment process. He should, as far as possible, be protected from unnecessary vexation and from future or further trouble and liability, and to that end should be permitted to interpose the defense and show that the property in his possession or the money held or owing by him to the defendant is exempt, and cannot be subjected by garnishment to the payment of the plaintiff's judgment. This holding is well sustained by the authorities.

In *Winterfield v. St. Paul & Milwaukee Rld. Co.*, 29 Wis. 589, the court hold that a garnishee may set up the defense that the property, money or credits of the debtor in his hands, or his indebtedness to such debtor, is exempt by law from seizure, or attachment, or execution, and, by proving that it is so exempt, defeat the garnishee suit, and that where the garnishee knew that the indebtedness was exempt it was not only his right, but very probably it was his duty for self-protection, to interpose the defense, and especially if the debtor had formally requested him to do so.

In *Pierce v. C. & N. W. Rld. Co.*, 36 Wis. 283, it was held that a garnishee who knows that the property of the attachment debtor in his possession, or the money which he owes such debtor, is by law exempt from attachment and execution, must bring that fact to the notice of the court; otherwise the judgment against such garnishee and satisfaction thereof will not bar the action against him by the attachment debtor.

In *C. & A. Rld. Co. v. Ragland*, 84 Ill. 375, a railroad company which was indebted to its employé was garnished by the creditor of such employé, and judgment was recovered against the railroad company, which was paid, the company failing to claim for the benefit of its employé the exemption to which he was entitled under the statute of that state, which provides that the wages and services of a defendant who is the head of a family and residing with the same, to an amount not exceeding twenty-five dollars, shall be exempt from garnishment: held, that when a railroad company is garnished as the debtor of its

employé for wages due him, he being the head of a family and residing with the same, it is bound to set up that fact for such employé and claim the benefit of the exemption given him by law in such cases, and that if the garnishee pays over money due from him to his employé for wages which are exempt, that he cannot set that fact up in defense to a suit brought by such employé to recover his wages.

In *Clark v. Averill*, 31 Vt. 512, it was claimed that in a trustee process the trustee can take no advantage of the fact that the property of the debtor in his hands was exempt; that the right was purely a personal right which could be asserted alone by the debtor; but it was held that a claim of exemption might be made and set up by the trustee, and if he established that the property was exempt and was not liable to be taken for the payment of the debts of the debtor, it would be a good legal answer in an action against himself, and a good ground for his discharge as trustee, even though the debtor made no such claim.

In *Lock v. Johnson*, 36 Me. 464, the court held that a trustee indebted to the principal defendant for his personal labor is bound to disclose not only the indebtedness, but also that it accrued for such labor, and that if he did not disclose that the indebtedness accrued for such labor, a judgment against him as trustee will furnish no protection in an action against him by the laborer for the service. To the same effect are the following authorities: Drake on Attachment, § 480; *Davenport v. Swan*, 9 Humph. 186; *Gery v. Ehrgood*, 31 Pa. St. 329; *Staniels v. Raymond*, 4 Cush. 314; *Morgan v. Neville*, 74 Pa. St. 52.

The only authorities holding a contrary doctrine which have been brought to our attention are *Conley v. Chilcote*, 25 Ohio St. 320, and *Moore v. C. R. I. & P. Rld. Co.*, 43 Iowa, 385, where it is held that it is not the duty of the garnishee, nor can he claim the exemption for his debtor. This ruling seems to have been based upon reasoning that enough inconvenience is already imposed on the garnishee without requiring him to interpose a defense in behalf of the debtor defendant. But

the ruling which affords protection to both debtor and garnishee and does not operate prejudicially to the plaintiff, is, to our minds, most reasonable and satisfactory.

Plaintiffs raise the question of the *bona fides* of the sale of the team by W. A. Brown to his wife, and of the transfer of the note given to Mrs. Brown by McDowell for the team to her mother, but we think the testimony in the record shows very clearly that when the team was sold by Brown to his wife it was exempt. It is not claimed that the sale was an attempt to cover up the property so as to enable Brown to claim a double exemption, nor that it was an attempt to perpetrate a fraud upon the exemption law. The team being exempt, then Brown was at liberty to sell or give it to his wife or to any other person, and the sale or gift could not be a fraud upon his creditors. As has been said by this court:

"A debtor cannot commit a fraud upon his creditor by disposing of property 'toward which the eye of the creditor need never be turned.' A debtor in the disposition of his property can commit a fraud upon his creditor only by disposing of such of his property as the creditor has a legal right to look to for his pay." (*Hixon v. George*, 18 Kas. 260. See also *Arthur v. Wallace*, 8 id. 269; *Monroe v. May*, 9 id. 476.)

The judgment of the court below will be affirmed.

All the Justices concurring.