# Roden & Co. v. Brown.

*Garnishment on Judgment; Claim of Exemptions; Contest.*

1. *Claim of exemptions of personal property; as against plaintiff in garnishment suit.*—When a claim of exemption is interposed to personal property, which has been attached in the hands of a garnishee, it must be accompanied with a statutory inventory of the defendant debtor's property, (Code, § 2533); and if upon the demand of the plaintiff a fuller and more complete inventory is furnished before the issues on the contest were formed, it is in time to prevent a judgment against the defendant or garnishee on the ground that the inventory was not filed within the time prescribed, since the claim of exemption could, under the statute (Code, § 2533), have been filed any time before the judgment of condemnation against the garnishee.

2. *Same; sufficiency of inventory.*—An inventory filed by a debtor with his claim of exemptions, which specifies "the salary due to him from the Louisville & Nashville Railroad Company, one month, $125; 1 horse, value $125, and one watch, worth $10; and that he has no other property," is a sufficient description of the property sought to be claimed as exempt, and can not be made the basis of a judgment against the defendant on the ground of its insufficiency.

3. *Evidence; market value of stock.*—On the trial of a contest of a claim of exemption, when inquiring as to the value of certain stock in a corporation, supposed to be owned by claimant, but not included in his inventory, the market value of said stock at the time of the filing of the claim of exemption, or at the time of the trial, is the

material and relevant fact to be ascertained; and a witness, not knowing the market value of said stock, can not testify for what price he sold his stock in the same company, since such testimony gives no information as to the market value of said stock.

4. *Same; secondary evidence.*—On the examination of the bookkeeper of a bank, he can not testify as to contents of the books of the bank, without producing them; such evidence being secondary.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

On the 4th day of May, 1888, B. F. Roden & Co. recovered a judgment against D. H. Brown in the City court of Birmingham, for the sum of $566.66. On May 10, 1892, the said Roden & Co. sued out a writ of garnishment on said judgment against the Louisville & Nashvill Railroad Co. Upon the garnishee answering, showing its indebtedness to the defendant, the said D. H. Brown, on May 30, 1892, filed his claim of exemptions, which contained the following description of the property claimed as exempt: "The sum or sums of money that may now be due or may become due to me from the Louisville & Nashville Railroad Co. for the month of May, 1892." This claim also contained the following recital: "In addition to the foregoing, which does not exceed $125, affiant owns and claims the following property, to-wit: 1 horse, worth $125, and one watch, worth $10, all of which he claims as exempted to him." On June 1, 1892, the said B. F. Roden & Co. filed their contest of exemption, and on June 7, demanded from the said Brown "a full and complete inventory of all of his property, except such as is exempt specially from levy and sale, with the value and location thereof, and all moneys, debts and choses in action belonging to him, or in which he was beneficially interested, with the value of each of them." Notice of the contest of the claim of exemption was accepted by the attorneys of Brown on June 10, 1892. In response to the demand for a complete inventory of his personal property, D. H. Brown, on October 3, 1892, filed the following paper, properly verified: "Inventory of the personal property of D. H. Brown in the matter of the contest of exemptions in the case of John B. Roden. The salary due to him from the Louisville & Nashville Railroad Company one month, $125. One horse, value $125, and one watch, worth $10, and that he has no other property."

[Roden & Co. v. Brown.]

On motion of the plaintiffs the garnishee was required to answer orally, and on October 3, 1892, the Louisville & Nashville Railroad Company, as garnishee, answered orally, in open court, through D. H. Brown, who was authorized to answer for said company. By this answer it was disclosed that, at the time of the written answer of the garnishee, it was indebted to the said Brown in the amount of $125, for his May salary, which had not been paid at the time of making the oral answer; that the garnishee had paid Brown his salary for June, July and August, and that at the time of the answer they were indebted to him for his salary due September, which was $125.

On October 17, 1892, the said Brown filed his claim of exemption, and claimed as exempt to him the salary from the garnishee for the months of June, July, August and September, in addition to the salary already claimed. In this claim he also claimed the horse and watch, which were contained in his former claim of exemptions, and stated that he owned no other personal property. The plaintiffs contested this claim of exemption by alleging: 1st. That the debt due the defendant by the garnishee, as shown by his answer, is not exempt from plaintiff's demand. 2d. That the horse claimed by the defendant is not exempt from plaintiff's demand. 3d. That the defendant has other personal property subject to levy and sale under process, which he has not claimed or set out in his claim of exemptions or inventory. For answer to this contest, the defendant replied: 1st. That the debt due by the garnishee to him was exempt to him under the constitution. 2d. That the horse claimed by him is also exempt. 3d. He denies that he has any other personal property subject to levy and sale under the process.

When the cause came on to be heard the plaintiffs declined to tender an issue, and moved for judgment by default against the defendant, on the ground that the defendant had failed to file, within the time prescribed by law, an inventory as required by the written demand of the plaintiffs given to the defendant. The court overruled this motion, and the plaintiffs duly excepted. The plaintiffs then moved for judgment against the garnishee on its answer, upon the grounds: 1st. That no sufficient claim of exemptions had been filed. 2d. Because the

claim of exemptions, as filed, was too indefinite.   The
court overruled this motion, and the plaintiffs duly ex-
cepted.   The plaintiffs moved to strike the inventory filed
on October 3d from the file, on the ground that it came
too late, and that it was insufficient and too indefinite.
The court overruled this motion, and the plaintiffs duly
excepted.   The plaintiffs also moved to strike out the
original claim of exemptions from the file, and the
amendment, on the grounds that they were insufficient
and too indefinite.  To the court's overruling this motion
the plaintiffs duly excepted.

Upon issue formed upon the contest of exemptions the
contestant introduced in evidence the record of the in-
corporation of the Mount Pinson Ore Company, showing
that said company was incorporated on September 6,
1892, and that D. H. Brown, Robert Warnock and D. J.
Fox were the incorporators; that Brown subscribed for
45 shares of the capital stock, and was regularly elected
president of the incorporation.

Upon the examination of D. J. Fox as a witness, he
testified as to the incorporation of the Mount Pinson
Ore Company, but could not say what was the market price
of the stock.   The plaintiffs asked him : "How much did
he transfer his stock for?"   The defendant objected to
this question, on the ground that it was irrelevant and
immaterial, the court sustained the objection, and the
plaintiffs duly excepted.   Upon the introduction of Ed.
Carriere as a witness for the contestant, and after testi-
fying that he was the book-keeper in the Alabama
National Bank, he was asked the following question :
"Do the books of the bank, which you have charge of,
show an account between the bank and the defendant,
D. H. Brown?"   The defendant objected to this ques-
tion, on the ground that the question was illegal and
called for secondary evidence, the books not being pro-
duced.   The court sustained the objection, and the
plaintiffs duly excepted.

D. H. Brown, as a witness, testified that he was one
of the incorporators of the Mount Pinson Ore Company ;
that the plans of the company did not mature ; that the
property consisted of a lease-hold interest in the lands,
which had been forfeited ; that he had never sold any
of the stock and had none to sell, as he had never been
able to pay for it, and none was delivered to him.   He

also testified that he had a pistol, but that he could place
no value on it. This was substantially all the evidence
introduced upon the trial of the contest; and at the re-
quest of the defendant the court instructed the jury, in
writing, as follows·: "If the jury believe the evidence
in this case they will find the issues in favor of the con-
testee, D. H. Brown." The plaintiffs excepted to the
giving of this charge, and also separately excepted to
the court's refusal to give the several written charges
requested by him, which it is not deemed necessary to
set out in detail.

There was judgment for the defendant, and his claim
of exemptions in and to the debt and property described
in said claim was allowed. The plaintiffs appeal, and
assign as error the several rulings of the trial court to
which exceptions were reserved.

J. H. MILLER and F. H. BLACKBURN, for appellants.—
The right of exemption is governed by the law in force
when the debt was contracted and a claim of exemption
against process issued on a judgment, should state with
certainty when the debt was contracted so that the court
could determine whether the debtor is entitled to the
exemption claimed.—*Randolph v. Little,* 62 Ala. 396;
*Todd v. McCravey,* 77 Ala. 468; *Block v. George,* 83 Ala.
178.

The inventory must describe the property claimed
specifically and definitely, giving the location and value
of each item, the description of the property must be
such as would sustain a suit at law for the recovery of
it.—Code, §§ 2521, 2525; *Tonsmere v. Buckland,* 88 Ala.
312. The general charge for the defendant should not
have been given.—*Railway Co. v. Propst,* 90 Ala. 1.

J. W. BUSH, contra, cited *Tonsmere v. Buckland,* 88
Ala. 316; *Trager v. Feibleman,* 95 Ala. 60; *Decatur Mer.
Co. v. Deford,* 93 Ala. 347.

BRICKELL, C. J.—1. The several motions of the
appellants for a judgment against the garnishee, and for
judgment against the appellee on the claim of exemption,
were properly overruled. If of any force, they are found-
ed on the erroneous supposition, that the procedure in
the present case was governed by section 2525 of the

Code, when it is governed wholly by section 2533, save so far as that section refers to the former section, as a guide for what the statement or inventory the appellee was required to file should contain.—*Tonsmere v. Buckland*, 88 Ala. 312. If the statement or inventory incorporated in the original claim of exemption was insufficient, a matter unnecessary to consider, the appellants avoided all possible injury from the insufficiency, by demanding a full and complete inventory, which was filed before the issues on the contest were formed. The claim of exemption could have been filed at any time before the judgment of condemnation against the garnishee. Until the rendition of such judgment the proceedings were *in fieri*, and the claim of exemption, or the inventory, if found in any respect defective, or insufficient, was amendable.

2. The purpose of the evidence of the witness Fox, the appellants offered to introduce, was, we suppose, to show the value of the stock of the Mount Pinson Ore Company. If the value of that stock was material and relevant to the issues formed, it was its market value, at the time the exemption was claimed, or, it may be, at the time of the trial. The witness disclaimed all knowlege of its market value, and it was not shown when the transaction occurred by which he transferred his stock to the company. The consideration he may have received for the transfer from the company, was not a fact on which any reasonable inference as to the market value of the stock, either at the time the claim of exemption was interposed or at the time of the trial, could be based. As we understand the bill of exceptions, the witness Carriere had no knowledge of the fact proposed to be proved, other than such as he derived from the books of the bank. How far the entries on these books would be admissible for or against either of the parties, is a question not now before us. If the fact of their existence was material, the books, or it may be compared and verified copies from them, were the primary evidence of the fact — *Crawford v. Br. Bank of Mobile*, 8 Ala. 79.

3. The issues formed raised three questions; the first was, whether the debt owing by the garnishee was exempt; the second was, whether the horse was exempt; the third was, whether the defendant had personal property other than that embraced in the inventory, subject

to the payment of debts. The main contention of the appellants seems to have been, that the description of the debt and of the horse in the inventory were imperfect; a contention, as we have already said, not well founded. There was no disputation of the facts necessary to support the claim of exemption in this respect. The value of the debt and the horse amounted to the sum of seven hundred and fifty dollars, and the residence of the defendant in the State was undisputed. There was a want of evidence that the defendant had personal property, the subject of levy or sale, not embraced in the inventory, except a pistol, the value of which was not shown. The value not being shown, the pistol could not be considered in ascertaining the amount of the exemption. Taking the evidence, which is free from conflict, and every and all reasonable inferences or intendments it will support, the claim of exemption was well established. And it was the duty of the court, on request, so to instruct the jury.—3 Brick. Dig. 109, §§ 41-45. This conclusion renders unnecessary a consideration of the exceptions to special instructions given or refused. If there should be found error in any of them, it would be error not of injury to the appellants.

The judgment must be affirmed.