# Pullman Palace Car Co. *et al. v.* Henderson.

*Garnishment Proceeding.*

1. *Garnishment; claim of exemption by defendant after payment to him by garnishee.*—Where after service of garnishment and before oral answer, the garnishee pays to the defendant debtor the amount due him, and after the oral answer by garnishee but before judgment of condemnation, the defendant debtor, not having had notice of the pendency of the garnishment, interposes a claim of exemption to the money previously paid him by the garnishee, the validity of which claim is not contested by the plaintiff, the money so paid to defendant is subject to the claim interposed by him, and such claim of exemptions debars further proceeding in the garnishment suit ; and without successfully contesting the claim of exemptions the plaintiff is not entitled to have the claim stricken from the file and judgment for the amount paid to the defendant rendered against the garnishee. HEAD. J., *dissenting*.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. GEORGE E. BREWER.

The facts of this case are sufficiently stated in the opinion. The plaintiff moved to strike the claim of exemptions from the file, on the ground that the amount claimed had been paid to the claimant by the garnishee, and that the amount paid by the defendant company could not be claimed as exempt. The court sustained the motion and struck the claim of exemptions from the file, and rendered judgment against the garnishee for the amount due the plaintiff and for the costs of suit. To each of these rulings the garnishee and the defendant separately excepted ; and now appeal from the judgment rendered and assign the rendition thereof as error,

[Pullman Palace Car Co. *et al.* v. Henderson.]

KNOX, BOWIE & DIXON, for appellants.—The claim of exemptions should have been allowed, and the motion to strike out the same should have been overruled, because the mere fact that the garnishee had paid this money after the service of the writ of garnishment did not waive Crane's right to claim his exemptions of one thousand dollars of personal property.—*Lady Ensley Furnace Co. v. Rogan & Co.,* 95 Ala. 594; *Roden & Co. v. Brown,* 103 Ala. 324. The fact that the exempt wages were paid to Crane did not injure the plaintiff. It was an act of which the plaintiff creditor could not complain.—*Kennedy v. First Nat. Bank,* 113 Ala. 279. Crane had had sufficient interest in the amount already paid to him to claim the same exempt. If he had not had some interest, then the plaintiff could not condemn any amounts paid by the garnishee in satisfaction of his debt.—*Kennedy v. First Nat. Bank, supra.* When a debtor has aliened his property, with or without valuable consideration, even though there has been no formal claim of exemptions, if the property was within the statute and could be claimed as exempt, the creditor could not complain of this as fraudulent, for the obvious reason that it is simply disposing of the property he could not subject, and, therefore, the conveyance did him no harm.—*Clark v. Spencer,* 75 Ala. 49; *McGuire v. Van Pelt,* 55 Ala. 344.

The exemptions were claimed by Crane at his very first opportunity, as there was no notice of this garnishment served on him, and he did not waive notice until he filed this claim of exemptions, and if he had had no notice of the garnishment, he could have claimed the exemptions after judgment.—Code of 1886, § 2533.

Plaintiff is estopped to deny defendant's title and right to claim property exempt.—*Kennedy v. First Nat. Bank, supra*; *Kolsky v. Loveman,* 97 Ala. 543; *Fuller v. Eames,* 108 Ala. 464.

BROWNE & DRYER, and JAMES B. NEWMAN, *contra.*—A claim of exemptions can not be retroactive. The right is a personal privilege, not of common law, but written or statutory origin. When the person attempting to claim it has no interest in the thing, but seeks to use the

right for the benefit of another, he can certainly not do more than such person could himself do if he were the formal assignee of such right. But a personal privilege of such nature is not assignable. When the person to whom the privilege is attached no longer has an interest in the subject matter, it can not be claimed either by him for himself, or for another, or by another through him.—*Lady Ensley Fur. Co. v. Rogan & Co.*, 95 Ala. 594; *Brown v. Leitch*, 60 Ala. 313; *Courie & Co. v. Goodwin*, 89 Ala. 569; *Com. R. E. & Bld. Asso. v. Parker*, 84 Ala. 298; *Lehman, Durr & Co. v. Moore*, 93 Ala. 186; *Wright v. Grabfelder & Co.*, 74 Ala. 460; *Conley v. Chilcote*, 25 Ohio St. 320; Thompson on Homestead & Exemptions, § 866; Smyth on Exemptions, § 525; *Martin v. Lile*, 63 Ala. 409.

A person by his acts may place himself in such a position as to be unable to claim his exemptions. A common instance of this is where he waits until it is too late. Another is where he so acts with reference to the debt, as to disable him from claiming the particular item exempt from the payment of the particular debt.—*Bibb v. Janney*, 45 Ala. 329, cited with approval in *Brown v. Leitch*, 60 Ala. 313.

A payment by garnishee to defendant after service is voluntary and at his own peril. If he sustains loss it results from his own neglect.—*Cahalan v. Monroe*, 56 Ala. 308; *Archer v. Peoples Savings Bank*, 88 Ala. 249; *Lady Ensley Furnace Co. v. Rogan & Co.* 95 Ala. 594.

Before plaintiff is driven to contest a claim of exemptions interposed after levy of garnishment, the claim must contain, or be accompanied by a statement setting forth, an inventory of all the personal property, choses in action and money belonging to the claimant, "and the value and location thereof," and the statement as well as the claim itself must "be verified by oath."—Code of 1886, §§ 2525, 2533. It is too manifest to need discussion that the verification required by the statute must be of a presently existing state of facts; it must have reference to the property the defendant has at the moment of filing the claim and making the statement. What property, choses in action or money the defendant owned a year before the claim is filed, it is wholly immaterial to inquire. His rights depend upon the amount

of property he owns today, not upon what he had last year or last month or yesterday. And the plaintiff is entitled to know affirmatively from his claim and inventory what he has now.—*Young v. Hubbard*, 102 Ala. 373.

BRICKELL, C. J —On the 25th of July, 1892, the appellee, Henderson, recovered judgment in the circuit court of Talladega, founded on contract, against the appellant Crane, for the sum of $218.40 damages, besides costs. On the 29th of May, 1895, Henderson made affidavit, that the appellant, the Pullman Palace Car Company, a corporation, was supposed to be indebted to Crane, and praying process of garnishment to obtain satisfaction of the judgment. A garnishment was issued and was served on June 11, 1895. At the ensuing term of the circuit court, the Car Company filed an answer denying all indebtedness to Crane. Thereupon, Henderson demanded an oral examination of the garnishee. On a subsequent day of the term, the garnishee not having appeared and submitted to an oral examination, a conditional judgment was rendered against the garnishee. Notice of the judgment having been served, at the next term, the garnishee appeared and filed an answer in writing, and offering to submit to an oral examination. On the oral examination of the agent of the garnishee, by whom the answer in writing was made, it appeared that at the service of the garnishment, Crane was in the employment of the garnishee at a salary of $75 per month, payable according to the time he actually worked, on the 12th day of the succeeding month; there was no agreement as to the duration of the service; either party could terminate it at pleasure; it continued until the time of the examination, and the salary after the service of the garnishment, amounted in the aggregate to $556.93, which had been paid to him. Crane intervened, claiming the entire amount as exempt. On motion of the appellee, the claim of exemption was stricken from the file, as to the sums due and paid by the garnishee after the service of the garnishment and before the oral answer, and for these sums there was judgment rendered against the garnishee. The validity of the claim of exemptions

was not contested, nor was it shown that Crane had notice of the pendency of the garnishment, prior to the filing of the claim of exemption.

The statute recognizes and affirms the right of a debtor to claim an exemption of money or choses in action, or other thing, a creditor is proceeding to subject by garnishment; and the mode of making the claim, the statute prescribes.—Code of 1886,§ 2533. The claim which was interposed in this case, in all things conformed to the requirements of the statute, casting upon the appellee the duty of contesting its validity, unless he was relieved from the duty, by reason of the payments made to the defendant by the garnishee, after service of the garnishment, and before the oral examination of the garnishee. The statute now affirms that which, prior to its enactment, had been declared by judicial decision, that the claim of exemption must be interposed before judgment of condemnation, if the defendant has notice of the garnishment, and provides the mode of giving him notice. If the notice is not given, the judgment of condemnation will not impair or affect his right of exemption. The proceedings are *in fieri*, until the rendition of the judgment of condemnation, subject to be arrested by the filing of the claim of exemption. When that is filed, conforming to the requirements of the statute, without a contest of its validity, the plaintiff cannot proceed further—he cannot obtain a judgment of condemnation.—*Roden & Co. v. Brown*, 103 Ala. 324. The service of the garnishment, created an inchoate lien on the debt due, or to become due under the existing contract between the defendant and garnishee; and any payments the garnishee subsequently made the defendant, were made at the peril of loss, if the appellee succeeded in obtaining a judgment of condemnation, but that was the only peril incurred. If that judgment was not obtained, the payments worked no injury to the appellee, nor could they enlarge his right to the judgment of condemnation. The argument in support of the rulings of the court below is, that the payments operated *pro tanto*, a satisfaction of the debt of the garnishee as between him and the defendant, and to that extent there was not a debt or demand on which the claim of exemption could operate; but as to the ap-

[Pullman Palace Car Co. *et al.* v. Henderson.]

pellee, the payments were invalid by reason of the lien acquired by the prior service of the garnishment. The lien was inchoate; it was dependent for all continuing efficacy on the rendition of the judgment of condemnation. As between the creditor and the defendant, there cannot be a debt the creditor may subject, which the defendant cannot claim as exempt. The right of exemption is coexistent and concurrent with the liability of property of any species, pursued by legal process for its subjection to the payment of debts.—*Boylston v. Rankin*, 114 Ala. 408. A judgment of condemnation, notice of the garnishment not having been given the defendant, the statute will not permit to impair or affect the claim of exemption. And the rights of the defendant to an exemption are not to be impaired by transactions between him and the garnishee, while the proceedings are *in fieri*, superinduced by the neglect of the plaintiff to give prior notice of the garnishment. The claim of exemptions having been interposed before the judgment of condemnation, and its validity not having been contested, the plaintiff could not proceed further with the garnishment. There are other minor, unimportant questions presented by the assignments of error, this conclusion renders it unnecessary to consider.

The judgment of the court below must be reversed, and a judgment rendered discharging the garnishee, and the appellee must pay the costs in the court below, and the costs of appeal.

HEAD, J., *dissenting.*—The wages, when paid by the employer, the garnishee, to the defendant, ceased to be an existing demand in favor of the defendant. The debt was discharged and the defendant had his money. There was, therefore, nothing which could form the basis of a claim of exemptions by the defendant. There was nothing for him to claim. The garnishee owed him nothing.

The solution of the apparent difficulty, giving full operation to all the defendant's rights, is plain. If the wages, when owing by the garnishee, were exempt to the defendant, the garnishee had the right to pay them to him, and set up the payment in his answer to the

garnishment, together with the facts which showed they were exempt; and this, not being contested, or being sustained on contest, if contested, would have been a bar to any judgment against the garnishee. The principle is the same as that which underlies numerous decisions of this and other courts. Take the case of *Alley v. Daniel*, 75 Ala. 403 : Bell owned some personal property, less in value than $1,000 ; he was a resident citizen of the State ; this was all the personal property he had, hence, he was entitled, absolutely, to hold it as exempt from the claims of his creditors. But, no occasion having arisen for him to formally assert his exemption right, he had made no claim of exemption, in any manner. With an actual intent to defraud creditors (as the point decided assumes), Bell sold the goods to Daniel, who knew the fraudlent intent. Immediately, a creditor of Bell attached, for the fraud, and had the sheriff to seize and sell the goods, and Daniel sued the sheriff, in trespass, and recovered, notwithstanding the fraud, because Bell, when he sold to him, *had the right* to hold the goods as exempt from the claims of creditors. It was strenuously insisted in the case, that Bell, at the time he sold, had not in any manner claimed the goods as exempt, and, they were, therefore, not impressed with the character of exempt property ; that exemption was a personal privilege of the debtor, waived if not asserted, and that if Bell had continued the owner he might not have claimed the exemption ; hence, it was insisted, that Daniel could not set up, in support of his title, the right of Bell to claim the exemption. But, this court said otherwise ; saying in the opinion delivered, that "The right to exemption of personal property is not dependent upon making claim or filing declaration of claim before a levy, or other effort to subject it to payment of debts. The exemption is a personal privilege, which the debtor may waive, or which he may lose, by the failure to assert it before a sale under legal process of which he is informed. But the right is not waived or lost by a failure to make or file a claim, or declaration of claim, before there is a levy." We also said in the same opinion : "But if he [the debtor] has not personal property exceeding in value one thousand dollars, a selection is unnecessary ; there is neither room nor reason for it. The

law intervenes and attaches the right of exemption, without the doing of any act on his part ; attaches the exemption as absolutely and unconditionally as if the particular property was specially designated and declared exempt. For the policy and spirit of the constitution is, that personal property shall be absolutely exempt, unless the debtor owns, of that species, property exceeding in value one thousand dollars ;'' citing Thompson on Homestead, section 833.

In view of these principles, it is clear that any one dealing with him, has the right to treat the absolutely exempt property of another, *as exempt property*, although no formal claim of it, as exempt, has been made ; and he has the right to rely upon this exempt character of the property, in support of any right acquired in, and by virtue of, any observance of the exemption rights of the debtor. Hence, it is manifest, that the garnishee, being willing to take upon itself the burden of making good the right of the defendant to claim the wages due, as exempt, had the right, notwithstanding the pendency of the garnishment, to pay the wages to the defendant ; and all that then became necessary to be done was, for it to show, in its answer to the garnishment, that the money was exempt and had been paid by the garnishee to the defendant. Upon such an answer, not contested, or sustained by proof, on trial of a contest, most clearly no judgment could have been rendered against the garnishee. Suppose the answer of the garnishee had set up that defendant was a resident citizen of the State ; that his entire personal property (enumerating it) inclusive of the wages in question, did not exceed in value $1,000 ; that defendant had, in manner and form as provided by the statute, filed in the probate court, his declaration or claim of exemption, claiming the wages in question, as exempt etc., and that thereupon the garnishee paid the wages to the defendant, no court would hesitate a moment to discharge the garnishee on the answer, unless successfully contested upon the matter of fact. And yet, we have seen, that the making of formal claim by the debtor is immaterial, when the third party has dealt with him, in reference to the property, as exempt property. The existence of the *right of exemption*

[Pullman Palace Car Co. *et al.* v. Henderson.]

is all that is necessay for protection to the party dealing with it, and acquiring rights in reference to it, from or through the defendant.

Here the garnishee made no such answer. It did not sufficiently protect itself. The defendant came in and claimed a myth—a shadow without a substance; a thing which had been, but which was no longer, and of which he had already realized full fruition. The court correctly rendered judgment against the garnishee.

Mr. Freeman, in his note to *Hanna's Syndics v. Lauring*, 13 Am. Dec. 341, in discussing the different defenses which the garnishee may make to the garnishment, says : "Although, as a general rule, the exemption of property from execution can only be claimed by its owner, yet this rule does not apply to proceedings by garnishment. If the garnishee has in his possesion any property or credit of the defendant, not subject to execution, he certainly may, and he probably must, assert the fact of such exemption, and thereby prevent the property from being taken and applied under the execution ;" citing *Winterfield v. M. & St. P. R. Co.*, 29 Wis. 589 ; *Locke v. Johnson*, 36 Me. 464 ; *Staniels v. Raymond*, 4 Cush. 314 ; *Caraker v. Mathews*, 25 Ga. 571 ; *Clark v. Averill*, 31 Vt. 512 (s. c. 71 Am. Dec. 131) ; *Davenport v. Swan*, 9 Humph. 186 ; *Stebbins v. Peeler*, 29 Vt. 289 ; *Pierce v. C. & N. W. R. Co.*, 2 Cent. Law J. 377 ; *Claghorn v. Saussy*, 51 Ga. 576 ; *Butler v. Clark*, 46 Id. 466.

In *Clark v. Averill*, *supra*, the court said : "It is said by the plaintiff that this is a mere personal privilege that no one but the debtor himself can set up, in his name. But we think this objection may be set up by the trustee [garnishee], and if he establishes that the property is not liable to be taken for the payment of Taylor's debts, it is a good legal answer to this action against himself. It was decided many years ago, that when property exempt from attachment was sold by the owner, but was allowed by the purchaser to remain in the vendor's possession, and was then attached by the vendor's creditor, the purchaser could rely upon the exemption of property from attachment, and thereby recover it from the creditor, and this has ever since been followed. The principle is quite analogous to this case."

According to these authorities, it seems not to be necessary, even, that the garnishee show that he has paid the debt or delivered the property to the defendant, but that he may defeat judgment against himself by showing that the debt or property is such as the defendant is entitled to hold, as exempt.

Undoubtedly, a defendant in garnishment may intervene and make claim, in his own name, to his exempt property in the hands of the garnishee, or an exempt indebtedness owing him by the garnishee, and have his right of exemption tried in an independent proceeding; and, in that case, section 2533 of the Code provides how the proceeding shall be conducted. There is nothing in this right inconsistent with that declared in this opinion, that the garnishee may take upon himself the burden of showing that the debt or property is exempt, and pay the debt or deliver the property to the defendant, who voluntarily accepts it, and set up the same in answer to the garnishment; nor inconsistent with the principle that the defendant cannot interpose a claim, if before doing so, he has received payment of the debt or delivery of the property from the garnishee.