# Leinkauff & Strauss *v.* Munter.

*Contested Claim of Exemption to Personal Property.*

1. *Execution against partnership and partners.*—An execution issued on a judgment aganist A. and B., composing the firm of A. & B., may be levied on property belonging to the partnership, or to either of the partners individually.

2. *Estoppel by judgment.*—An execution against A. and B., composing the firm of A. & B., having been levied on a stock of merchandise, to which a statutory claim was interposed by the wife of one of the partners, a judgment against the claimant conclusively establishes that the property is not hers, and that it is subject to the lien of the execution; but it does not decide whether the property belongs to the partnership, or to one of the partners individually; and it does not estop the husband of the claimant from afterwards claiming it as exempt property belonging to himself.

3. *Estoppel by acts en pais.*—Such partner is not estopped from asserting his individual claim of exemption, because he was active in the assertion of his wife's claim, whereby plaintiffs were compelled to execute a bond of indemnity to the sheriff, and to engage in the trial of the claim suit; nor because he testified as a witness for her, on the trial of that suit, that the property belonged to her.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

The appellants in this case recovered a judgment in said Circuit Court, on the 13th June, 1879, against M. Munter & Brother, described as "a late partnership composed of Marcus Munter and Solomon Munter;" and an execution on this judgment, which was issued on the 10th October, 1883, and commanded the sheriff to make the money out of "the goods and chattels, lands and tenements of Marcus Munter and Solomon Munter, composing the firm of M. Munter & Brother," was levied by him, on the 15th October, on a stock of goods in a storehouse in Montgomery. A claim to the stock of goods was thereupon interposed by Mrs. Bertha Munter, the wife of said Marcus Munter, and bond given for the trial of the right of property; and an issue being then made up between the parties, the jury returned a verdict in these words: "We, the jury, find for the plaintiffs, and assess the value of the goods at $800;" on which verdict a judgment was rendered, on the 12th January, 1884, "that the property so claimed be con-

VOL. LXXVI.

[Leinkauff & Strauss v. Munter.]

demned as liable for the satisfaction of plaintiffs' demand." On the 15th January, 1884, a claim of exemption to the stock of goods was filed with the sheriff by said Marcus Munter, alleging that the goods belonged to him individually; and this claim being contested by plaintiffs, an issue was thereupon made up between the parties, under the direction of the court, which, as stated in the judgment-entry, was, "whether the property in contest is exempt as claimed."

On the trial of this issue, as the bill of exceptions shows, the plaintiffs read in evidence the execution, with its levy, and then introduced as a witness W. Bellinger, the sheriff who made the levy, and who testified, "that when he received said execution, and went with it to the store in which the goods were kept, he there saw said Marcus Munter, and informed him that he held said execution against M. Munter & Brother; and that said Munter then told him that said goods did not belong either to himself or to said firm, but was the property of Mrs. Bertha Munter, his wife. Plaintiffs then offered to prove by said Bellinger that, in consequence of the declaration and conduct of said Marcus Munter, he refused to levy on said goods as the property of said defendants in execution, unless plaintiffs would give him a bond of indemnity, as provided by the statute, to save him harmless against damage by reason of said levy; that plaintiffs did thereupon execute to him such bond of indemnity, in order to induce him to levy said execution on said stock of goods; and that they were subjected to other trouble, inconvenience and expense incident thereto, which would have been avoided but for the declarations and conduct of said M. Munter in relation to said goods." The court excluded this evidence, on the claimant's objection, and the plaintiffs excepted.

"Plaintiffs further proved by said Bellinger that, after he had levied said execution on said stock of goods, said Marcus Munter requested him to prepare an affidavit for his wife (Mrs. Bertha Munter) to swear to, and also a claim bond for the trial of the right of property to said goods; that he did so, and delivered the same to said Munter, who returned them to him after they were signed; and that he approved said claim bond, though he did not see either of the obligors sign the same. Plaintiffs then read in evidence said affidavit and bond," and also the claim and issue as made up in that suit, and the judgment therein rendered, as above stated. "Said Bellinger, being again introduced as a witness for the plaintiff, testified that he was present on the trial of said claim suit, and heard said Marcus Munter examined as a witness for his wife; and that said Munter then testified, 'that said stock of goods did not belong to himself, nor to said M. Munter & Brother, but be-

longed to his said wife; that he had received about $800 from the administrator of the estate of one J. A. Abraham, in consideration of her dower interest in certain lands which he (said Munter) had sold to said Abraham; that he, as the husband of the said Bertha, had purchased a stock of goods with this money, and replenished said stock, from time to time, from the sales of said goods; and that said store, in which said goods were kept, was conducted in the name of said Bertha Munter, and a sign having her name was over the door.' It was admitted, also, that the goods here claimed as exempt were a part of the stock of goods which was in controversy in said claim suit.

"This was all the evidence; and the court thereupon charged the jury, on the request of the defendant, that they must find the issue in his favor, if they believed all the evidence. The plaintiffs excepted to this charge, and requested the court, in writing, to instruct the jury that, if they believed the evidence, they must find the issue in favor of the plaintiffs; which charge the court refused to give, and the plaintiffs excepted to the refusal."

The exclusion of the evidence offered, the charge given, and the refusal of the charge asked, are now assigned as error.

RICE & WILEY, for appellants.—(1.) The judgment on the trial of the claim suit adjudged the property to be liable to the plaintiffs' execution, and that judgment is conclusive in this case.—*Clemens v. Clemens*, 37 N. Y. 59. An exemption can not be claimed by a partnership, nor can a partner claim an exemption in partnership property.—*Giovanni v. First Nat. Bank*, 51 Ala. 177. (2.) Even if the judgment is not conclusive, the acts and conduct of the defendant at the time of the levy, and in connection with his wife's claim suit, amount to an estoppel *en pais* against him.—Bigelow on Estoppel, 478; *Gill v. Denton*, 71 N. C. 341; *Randolph v. Little*, 62 Ala. 396; *Dezell v. Odell*, 3 Hill, 215. The evidence was admissible to show that the claim suit was, in fact, instituted by M. Munter in his wife's name; and if so, the judgment was conclusive on him.—*Tarleton & Pollard v. Johnson*, 25 Ala. 310. (3.) The general charge in favor of the defendant was an invasion of the province of the jury.—*Railroad Co. v. Williams*, 52 Ala. 278; *Davidson v. The State*, 63 Ala. 435; 1 Gall. 400; 2 How. U. S. 496; 24 How. 224.

SAYRE & GRAVES, and WATTS & SON, *contra.*—(1.) The judgment in the claim suit only decided that the property was subject to the execution; and whether it belonged to the part-

[Leinkauff & Strauss v. Munter.]

nership, or to either partner individually, it was equally liable. (2.) The plaintiffs were in no wise misled, to their prejudice, by any act or declaration of the defendant; and no estoppel can arise from his conduct.—*Hunley v. Hunley*, 15 Ala. 91; *Pounds v. Richards*, 21 Ala. 424; *Smith v. Mundy*, 18 Ala. 182. (3.) The defendant had the right to claim an exemption at any time before the property was sold under the execution. *Daniels v. Hamilton*, 52 Ala. 105. (4.) On the contest of a claim of exemption, the plaintiffs are the actors, and the burden of proof is on them.—*McCrary v. Chase & Co.*, 71 Ala. 540; Code, §§ 2831, 2836, 2838. (5.) The defendant introduced no evidence, and there was no conflict in the evidence introduced by the plaintiffs.

STONE, C. J.—The merchandise in controversy was levied on under execution in favor of Leinkauff & Strauss, against M. Munter & Brother, composed of Marcus Munter and Solomon Munter. The mandate of the writ was, that the sum of the judgment should be made of the goods and chattels, lands and tenements of the defendants; and only property which belonged to the firm, or to one of its members, could be seized under it. The levy itself was an admission and assertion by the plaintiffs, that the merchandise seized belonged either to the firm, or to one of the partners. That fact being the very foundation on which all the right they assert must rest, they can not be heard to gainsay it in this proceeding.

An issue had been tried in a claim suit, in which Leinkauff & Strauss asserted the property was subject to their execution, and Mrs. Munter, wife of M. Munter, asserted the property was hers. That issue was determined in favor of the plaintiffs, and it was thus decided that Mrs. Munter did not own the property. It was not, and could not be decided, in that suit, whether the property belonged to M. Munter & Bro., to Marcus Munter, or to Solomon Munter. Belonging to either of the partners, or to the partnership itself, it would be alike subject to the execution; and hence no issue could be formed which raised that question. It would have been adjudged immaterial. The result of this principle is, that Leinkauff & Strauss can not deny, in this proceeding, that the merchandise was the property of the firm of M. Munter & Brother, or of one of the members, because such denial would be incompatible with the asserted right to have it sold under their execution.

It is contended for appellants that Munter is estopped from asserting claim to the property in controversy, for the following reasons: When the sheriff was about to levy on the merchandise under the execution against M. Munter & Bro., he, Munter, informed the officer that the property did not be-

long to M. Munter & Bro., nor to either member thereof ; but
that it belonged to Mrs. Munter, his wife.   Thereupon the
sheriff required a bond of indemnity, which the plaintiffs gave,
and the levy was then made.   Mrs. Munter interposed her
claim, gave bond, and a trial of the right of property was had,
and the property was adjudged subject to the execution.   M.
Munter was active in having this claim interposed, and testified
on the trial that the property belonged to his wife.   This con-
duct of his, it is contended, made it necessary for the plaintiffs
to give the indemnifying bond, and to incur the trouble and
expense of the trial of the right of property ; and therefore
he should  not be now heard to claim the property as his own.
This would be a strange application of the doctrine of estoppel.
The plaintiffs would entirely defeat their suit, by showing that
the goods are the property of Mrs. Munter ; and they are pre-
cluded by the exigencies of their case from denying the owner-
ship of the Munter Brothers, or one of them.   And the argument
is that Munter is estopped from asserting that the goods are his
property.   One estopped from denying the fundamental fact
on which his claim rests ; his adversary from asserting the truth
of the same fundamental fact.   The goods the property of
Munter, for the purpose of making them liable for his debts,
but not his property, to enable him to claim exemptions
therein.

But there is another and conclusive reason why the doctrine
of estoppel *en pais* can not apply to this case.   That doctrine
rests on the stern purpose of the law, to maintain good faith
between man and man.   Its usual presentation is, when one
person by his words, acts, conduct, or silence, induces another,
on the faith thereof, to pledge his credit, incur a liability, or
part with something valuable.—6 Wait Ac. & Def. 679.   To
come within the principle, the representation, whether spoken,
acted, or implied from silence, must be credited as true, and
the valuable thing must be parted with, the credit given, or
liability incurred, as a consequence of such representation, and
on confidence in its truth.   It rests at last, for its vindication,
on the manifest idea, that to allow such representation to be
gainsaid, would be a fraud on him who had thus acted, believ-
ing it to be true.   In the present case, Munter's acts and
declarations were neither credited nor acted on.   On the con-
trary, they were disbelieved, and every subsequent step was
taken in disregard of them.   The plaintiffs were not induced
to act, nor deceived, nor defrauded by them.

The testimony on this trial was simple.   None of it tended
in the slightest degree to show that the firm of M. Munter &
Bro., or Solomon Munter, owned, or ever had owned any in-
terest in the merchandise.   An issue had been tried, whether

[Felrath v. Schonfield.]

or not it was the property of Mrs. Munter, and that issue had been determined against her. All the testimony on the trial in this case tended to show it was the property of M. Munter, and no one else. The Circuit Court did not err in the charge given to the jury, nor in any other ruling brought to our notice.

Affirmed.

CLOPTON, J., not sitting.