## SANNONER V. KING.

EXEMPTION : *Fraudulent transfer:  Estoppel.*

A judgment debtor is not estopped by the fraudulent transfer of property to his wife and by, omitting it from a schedule of all his property, filed upon the issuance of an execution against him, from subsequently claiming it as exempt when another execution, issued upon the same judgment, is levied upon it; and if the total valuation of all his property, including the property transferred to his wife, is less than the law exempts, the execution creditors cannot defeat his application for a second *supersedeas*, on the ground that the fraudulent transfer, though void as to them, is binding on him.

APPEAL from *Pulaski* Circuit Court.

F. T. VAUGHAN, Judge.

*Blackwood & Williams* for appellants.

A sale in fraud of creditors is good between the parties, and is only void as to creditors. *47 Ark., 301; 26 id., 321; 10 id., 54; 14 id., 69; 29 Penn., 219.*

Appellee, though not a nominal party to the record in the replevin suit brought by his wife, was the real party in interest, and is concluded by the judgment in that suit. *63 Mo., 193; 3 Strobb, 137; 24 Peck., 61; 26 Iowa, 111; 31 id., 82; 69 Ill., 461.* He is estopped by his acts to claim the property as exempt.

*F. M. Fulk* for appellee.

There can be no fraudulent disposal of personal property that is exempt by law. *33 Ark., 767; 5 Pac. Rep., 389; 9 N. E. Rep., 350; 13 Neb., 403; 8 Kans., 174; 45 Wisc., 340; 7 Mo. App., 250; 5 Bush., 334; 11 Vt., 595; Thompson on Home and Ex., secs. 425, 430-1-2-5; Freeman on Ex., secs. 138, 153.*

If the conveyance is vacated for fraud, the exemption rights of the debtor would revive. *Turner v. Vaughan, 33 Ark., 454; 44 id., 181; Freeman on Ex., sec. 214.*

COCKRILL, C. J.   Upon the issue of an execution against him, King filed a schedule of all his property and obtained a *supersedas*.   A few weeks afterwards another execution, issued upon the same judgment and was levied upon two mules, which King asserted belonged then, as when he filed his schedule, to his wife.   She sued the officer for the possession of the mules.   The defence was that they belonged to the defendant in the execution, and had been transferred by him to his wife to defraud his creditors.   The issue was determined in favor of the execution creditor.   King filed a second schedule of all his property including the two mules, the total valuation of which was less than the amount the law exempts from seizure under execution.   The appellants, who are the execution creditors, resisted the issuance of a second *supersedcas*, upon the ground that King was estopped from claiming the mules because (first) he had asserted that they were his wife's and had failed to put them in his first schedule, and (second) because the transfer, though void as to the creditors, was binding upon King.   The court sustained the right of exemption and the creditors appealed.

I.   The doctrine of estoppel has no application.   The appellant's position has been in no wise superinduced or affected by the appellee's conduct and they have not been injured by

it. They are claiming no right under or by virtue of the sham sale, and were not prejudiced by it.

II. The position that the transfer is void as to creditors, but binding between the parties, may be admitted, but the conclusion that the execution creditor shall have the benefit of the fraudulent vendee's bargain without showing any privity with her, does not follow. It is of no concern to the creditors that the vendee may successfully assert title against the vendor to the property fraudulently transferred. She may do so or she may abandon her rights under the contract without injury in either case to the creditors, if the property can be claimed by the debtor as exempt from seizure under the appellant's execution. As between the debtor and creditor, in case of a fraudulent conveyance, the vendor is regarded as the owner, and for this reason the creditor may subject the property to the payment of his debt. But the debtor's right to claim his exemption is co-extensive with the creditor's right to seize and sell under his execution except in the cases specifically excepted from the operation of the law. If the property is not the debtor's it cannot be taken in execution against him. The creditor cannot claim against the pretended sale, and at the same time undertake to set up a right under it. *Tracy v. Cover, 28 Ohio St., 61.* The exemption law is generous and humane. It applies to the just and the unjust alike. To strain the quality of its mercy and exclude one from its operation because he has attempted to defraud his creditors, would be to engraft an exception upon the law that is not written in it, or found in its spirit. *Duvall v. Rollins, 71 N. C., 218; Thompson on Home. and Ex., secs. 425 et seq.; Freeman on Ex., sec. 214.*

The case of *Carmack v. Lovett, 44 Ark., 180,* is analogous to this. The debtor owned more than 160 acres of land—the maximum quantity allowed for a homestead exemption. His home was established upon it. He conveyed all except the

forty acres about his house.   The conveyance was set aside as fraudulent at the suit of a creditor, but the debtor was permitted to carve a homestead of 160 acres out of the tract to suit himself notwithstanding the conveyance.   It was not the case of a transfer of a homestead and nothing more, for that would have been no fraud upon the creditor.   *Stanley v. Snyder, 43 Ark., 429.*   It was a conveyance of more than the law exempts from seizure and sale, and the judgment is a broad assertion of the debtor's right to select what may be claimed as exempt at the time the creditor seeks to subject the property to the satisfaction of his demand.   The debtor and creditor, there as here, united in ignoring the fraudulent conveyance, and the grantees asserted no claim under it.   See, too, *Turner v. Vaughan, 33 Ark., 454.*

Let the judgment be affirmed.