# Boylston v. Rankin & Co.

## *Contest of Claim·of Exemptions.*

1. *Contest of exemption*; *time of filing claim*; *in time if before sale.* Under the provisions of the statute (Code of 1886, §§ 2530, 2531), re-· quiring that a claim of exemptions must be filed after levy of process upon the property claimed, a claim of exemptions is in time if filed any time before the sale under the levy.

2. *Same*; *same*; *delay in filing claim pending trial of right of property is not a waiver, if claim is interposed before sale.*—Where, upon the levy of an execution upon personal property, a third party institutes a statutory trial of the right to said property, which resulted in a judgment for the plaintiff in execution, holding the property subject to the levy under said execution, and the defendant in execution, after judgment in the claim suit, but before a sale thereof, claims the property levied upon as exempt to him, such claim of exemption does not come too late; and this is true notwithstanding the fact that more than three years intervened after the levy of the original execution before the claim of exemption was interposed. Having been interposed before a sale, the claim was not too late, and the right to claim said property as exempt was not waived by reason of such delay.

3. *Same*; *estoppel by defendant in execution to interpose claim of exemption*; *statutory trial of the right to property.*—Where, after the levy of an execution upon property as belonging to the defendant in execution, there is instituted by a third party a statutory trial of the right to the property so levied upon, the fact that the defendant in execution testified in said claim suit that the property levied upon was not his, but belonged to the claimant, does not estop him, upon judgment being rendered in the claim suit declaring the property liable to the satisfaction of the execution, from asserting his claim of exemption in the property levied upon, at any time prior to. the sale thereunder.

4. *Same*; *judgment in claim suit instituted after levy of execution no*

[Boylston v. Rankin & Co.]

*bar to claim of exemption.*—Where, after the levy of an execution upon property as belonging to the defendant, there is instituted by a third party a statutory trial of the right to the property levied upon, and judgment is rendered in favor of the plaintiff in execution, the judgment in such claim suit is not conclusive upon the defendant in execution as to his right to claim exemptions, and is no bar to the assertion of such right; the defendant in execution not being a party to the claim suit.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOS. R. ROULHAC.

Rankin & Co., the appellees, recovered a judgment in the circuit court of Barbour county on the 23d of November, 1886, against the appellant, J. C. Boylston, and an execution on the judgment was levied by the sheriff of Colbert county on the 30th day of July, 1887, on ten shares of stock in the Sheffield & Tuscumbia Street Railway Co., of the face value of $50 per share, which were on the books of the Sheffield & Tuscumbia Street Railway Co. in the name of J. C. Boylston, and on which 35 per cent. of the face value had been paid. No certificates of stock had been issued. At the time this levy was made, Walter S. White interposed a claim to the ten shares of stock and instituted a trial of the right of property, contending that he had requested J. C. Boylston to subscribe for the stock for him; that Boylston owed him and he told Boylston to pay the money on the stock subscription and that he would allow him credit for the money thus paid on a settlement. On the trial of the claim suit J. C. Boylston was a witness for White, and testified that he subscribed for the stock for White and paid the first assessment out of the money he had brought to Sheffield to pay to White; that he regarded the property as belonging to White. After hearing all the evidence in the said claim suit, the court in March, 1890, held that the ten shares of stock standing in Boylston's name on the books of the company were liable to the execution issued on the judgment against him, and on appeal to this court the judgment in the claim suit was affirmed on June 19, 1890.

The ten shares of stock having been delivered to the sheriff, he advertised it for sale to satisfy the execution in favor of Rankin & Co. A few days before the stock was to have been sold by the sheriff, to-wit, on August 9, 1890, J. C. Boylston interposed a claim of exemption

[Boylston v. Rankin & Co.]

to it, and afterwards, on the 15th day of August, 1890, within the time required by law, Rankin & Co., the plaintiffs in execution, filed a contest of the claim of exemption. The grounds of this contest are sufficiently stated in the opinion.

Boylston, the claimant of exemption, moved the court to strike the grounds of contest from the file, upon the ground that they presented no reason why the claim of exemption should not be allowed. This motion was overruled, and the claimant duly excepted. On the trial of the issues presented, the facts were disclosed as above stated.

Upon the hearing of all the evidence, the court disallowed the claim of exemption, and rendered judgment against the claimant. To this ruling and judgment of the court the claimant of the exemption duly excepted. Said claimant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

KIRK & ALMON, for appellants.—1. The court erred in not striking out, upon motion of the appellant, the first and second grounds of contest. The statute does does not authorize a contest of the claim of exemptions upon such grounds.—Code of 1886, §§ 2520, 2521; *Leinkauff v. Munter*, 76 Ala. 197; *Kolsky v. Loveman*, 97 Ala. 544.

2. The court erred in refusing to strike out the third ground of the amended contest. There is nothing in that ground of the contest tending to show that the property claimed was not exempt.—*Leinkauff v. Munter*, 76 Ala. 197; *Kolsky v. Loveman*, 97 Ala. 544; *Munter v. Leinkauff*, 78 Ala. 546; *Apfel v. Crane*, 83 Ala. 314; *Snodgrass v. Caldwell*, 90 Ala. 322.

J. B. MOORE and JAMES JACKSON, contra.—The right of exemption can not be asserted so as to affect a valid lien.—*Boyle v. Shulman*, 59 Ala. 566; *Scaife v. Argall*, 74 Ala. 473; *Lyons v. Connor*, 57 Ala. 181; *Blum v. Carter*, 63 Ala. 235; *Newbold v. Smart*, 67 Ala. 326.

2. The claim of exemption on the part of the appellant came too late. He waited until after the property had been condemned to the satisfaction of appellee's execution by the judgment of the circuit court, and

affirmed by the Supreme Court. This case was much like the cases of *Randolph v. Little*, 62 Ala. 396 ; *Todd v. McCravey*, 77 Ala. 468 ; *Sherry v. Brown*, 66 Ala. 51.

3. The finding of the jury against the claimant was a condemnation of the property to the satisfaction of appellee's execution.—*Williams v. Jones*, 2 Ala. 314 ; *Seamans v. White*, 8 Ala. 656 ; *Gray v. Raiborn*, 53 Ala. 40 ; *Townsend v. Brooks*, 76 Ala. 308.

BRICKELL, C. J.—This was a claim of exemption from liability to sale under execution of ten shares of the capital stock of the Sheffield & Tuscumbia Railway Company, in which the appellant was the claimant, and the appellees were the contestants. The trial was had in the court below, by consent of the parties, without the intervention of a jury.

The causes of contest assigned by the appellees, are drawn to an unusual, if not unnecessary length, but when analyzed, and read in connection with the argument of counsel in support of them, they are readily resolvable into three separate, distinctive causes, it is convenient to consider in the order in which we enumerate them. The first is, that as more than three years intervened after the levy of the original execution, before the claim of exemption was interposed, the claim came too late, and must be regarded as having been waived. The second is, that the appellant is estopped from asserting the claim ; the estoppel arising from the fact, that on a trial of the right of property in and to the stock, had by and between the appellees as execution creditors, and one White as claimant, the appellant as a witness for the claimant, had testified that though the stock on the books of the company was standing in his name as the sole owner thereof, his title was but nominal ; the real, beneficial interest residing in the claimant. The third is, that the judgment rendered on the trial of the right of property, declaring the stock was liable to the satisfaction of the execution, is a bar to the claim of exemption.

1. The statutes under which the proceedings were had, in express terms limit the time within which the claim of exemption, and the contest of the validity of the claim, must be filed. The claim must be filed after the levy, and thereafter, may be filed at any time before the

[Boylston v. Rankin & Co.]

sale.—Code of 1886, §§ 2520, 2521. There was no other provision which would have been in accord with the constitution, for it is the right or privilege of exemption not from levy, but "from sale on execution, or other process of any court," the constitution creates and confers. The shares of stock in a private corporation, the statutes subject to levy and sale under execution or attachment against the shareholder, as if they were visible, tangible chattels. When the levy of the original execution was made, and White made affidavit and gave bond for the trial of the right of property, the sheriff lost all custody and control of the stock; it passed into the custody of the court in which the trial of the right of property was pending, and until the trial, or the proceedings for the trial were determined, there could not be a sale, or the issue of any process for the sale of the stock.—*Dollins v. Lindsey*, 89 Ala. 217; *Williams v. Dismukes*, 106 Ala. 402. Until there was the issue of such process by which a sale could have been effected, the claim of exemption could not be interposed. Having been interposed before a sale, the claim was not too late; it was within the limitation of time the statute prescribes.

2. An error pervading the second ground of contest, lies in the theory, that the contest involves an inquiry into the nature of the title or ownership the claimant may have in the property on which the levy is made. The levy of the process, was an admission, an assertion by the plaintiff therein, that the defendant had in the property an ownership or interest, the subject of levy and sale. This is the foundation fact on which the legality of the levy, and all of right the plaintiff could assert, depends; and he could not be heard to gainsay it.—*Leinkauff v. Munter*, 76 Ala. 194; *Kolsky v. Loveman*, 97 Ala. 543; *Kennedy v. First National Bank of Tuscaloosa*, 107 Ala. 170. Nor is there soundness in the theory outlined, rather than distinctly expressed, in the argument of counsel for the appellees, that a debtor may have a right or interest in personal property a creditor can reach and subject, and yet not a right or interest from which the debtor is entitled to claim exemption. The right of exemption of personal property coexists and is coextensive with the right of the creditor to reach and subject, except in the cases specially saved from the

operation of the exemption. The two are conjoined, and there can be no separation of them.—*Sannoner v. King*, 49 Ark. 299; s. c. 4 Am. St. Rep. 49.

Nor is there any room for the application of the doctrine of estoppel as to the appellant. The statements or conduct of a party, do not operate an estoppel in favor of another party, who was not influenced by them, and who would not suffer injury if there was contradiction of them.—*Leinkauff v. Munter*, 76 Ala. 194. There was no action of the appellees induced by the testimony given by the appellant on the trial of the right of property. The trial had its origin in the levy on the stock as the property of the appellant—the levy being induced by the fact, that on the books of the company the stock was standing in his name as owner. When on the trial he disavowed ownership, and testified that the real, beneficial ownership resided in White, the appellee disregarded the disavowal and testimony, and proceeded in the prosecution of the trial. True, if they had not notice, prior to the levy, of the equity asserted to reside in White, under the statute, they acquired rights which were entitled to precedence of that equity. But this does not tend to show any element of estoppel in the statements, representations, or acts of the appellant, nor reliance upon them by the appellee. When reduced to its last analysis, the logic of the situation is, that whatever of estoppel is to be applied, must be applied not to the appellant, but to the appellees. They are asserting, and in this proceeding can assert, no other right or title than that which is consequential, or derivative, from a legal title to the stock, residing in the appellant; and for their own uses, for their own benefit, *uno flatu*, they cannot be heard to claim that title, and to impeach it, so far as the appellant is entitled to corresponding and resultant rights and benefits. In the terse language of STONE, C. J., in *Leinkauff v. Munter*, 76 Ala. 194, *supra*, if this were not true, we would have the anomalous situation "of one estopped from denying the fundamental fact on which his claim rests; his adversary, from asserting the truth of the same fundamental fact." The stock, the property of the appellant, for the purpose of making it liable for his debts, but not his property, to enable him to claim exemption therein. Suppose there was inconsistency between the testimony given by the

[Boylston v. Rankin & Co.]

appellant on the trial of the right of property, and the claim of exemption—suppose that fraud, actual fraud on his creditors could be imputed, (and in view of the facts found in the record, inconsistency or fraud cannot be imputed, unless it can be imputed to any and every embarrassed debtor who, in the course of transacting business, comes into the possession and control of personal property, impressed with a trust for the use of another), every fact remains entitling the appellant to claim the exemption. He was a resident of the State when the the transaction occurred, and the residence was continuous to the trial in the court below ; and residence is the only personal qualification the constitution declares and prescribes. In *Pinkus v. Bamberger*, 99 Ala. 266, where there was much of evidence having a tendency to show that Pinkus, the claimant of the exemption, had perpetrated frauds on his creditors, it was said by STONE, C. J.: ''We hold, however, that on the issue presented by this record such inquiry was wholly immaterial, except to the extent, if any, it showed that Pinkus had moneys or other effects, which he failed to discover in his inventory. No matter how fraudulent his conduct and intentions may have been, if he was a resident of Alabama, he was entitled to have set apart to him, as exempt from his debts, one thousand dollars in value of his personal property, to be selected by him.''

3. The affirmative allegation the statute required the appellees to propound on the trial of the right of property, was, that the stock was the property of the appellant and liable to the satisfaction of the execution.— Code of 1886, § 3005. The allegation involved a negation of the claim White asserted, as well as the assertion of title in the appellant, from which resulted liability to the satisfaction of the execution. This was an issue between the appellees and White, to which the appellant was not a party, and on the trial of which he could not have intervened to assert a claim of exemption. The judgment of dondemnation rendered on the trial of the issue, was conclusive as between White and the appellees, that the stock was the property of the appellant, subject or liable to the satisfaction of the execution. But as to the appellant, it had in it no element of conclusiveness, because he was not a party to the suit in which it was rendered, and in no event a bar to a claim

[Baker v. Troy Compress Co.]

of exemption. Not a bar, because in that proceeding the claim could. not have been asserted; not a bar, because the statutes and constitution contemplate, that the claim of exemption may be interposed at any time before a sale of the property.

The result of the foregoing views, is, that the causes of contest were not well assigned, and the court below erred in refusing to strike them out, on the motion of the appellant. The bill of exceptions purports to contain all the evidence; the uncontroverted evidence supports the claim of exemption, and the judgment of the court below, disallowing it, is erroneous.

The judgment of the court below must be reversed, a judgment here rendered allowing the claim of exemption, and the appellees must pay the costs in this court and in the court below.

Reversed and rendered.