(85 South. 484)

**CLECKLER et al. v. FIRST NAT. BANK OF ANNISTON et al. (7 Div. 79.)**

(Supreme Court of Alabama. May 20, 1920.)

**1. Partnership ⬅165—Individual partners liable for all of firm's debts.**

As a general rule, each individual partner is liable for whole amount of every firm debt.

**2. Partnership ⬅181—Firm creditor except as to individual creditor not required to resort to firm assets.**

A creditor of a firm, save as to individual creditors of a member, is not required to resort to firm assets before looking to the individual property of respective members.

**3. Partnership ⬅212—Cross-bill by partner against creditor attacking conveyance to wife held subject to demurrer.**

Where a bank as a firm creditor sought to set aside a conveyance by partner to his wife, a cross-bill by the partner setting up that the bank had received firm assets from another partner and applied them to payment of such partner's individual debts, and praying appointment of a receiver, is subject to demurrer, no individual creditor of the defendant partner complaining, and there being nothing to show that a surplus over the amount of the bank's claim was misapplied, for the same relief could be had by way of defense.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by the First National Bank of Anniston against J. R. Cleckler and his wife, Ethel M. Cleckler, to set aside a conveyance as fraudulent and to foreclose a mortgage. J. R. Cleckler filed a cross-bill making the First National Bank of Anniston, the Little-Cleckler Construction Company, the National Surety Company of New York, W. L. Little, and F. M. Cleckler parties respondent thereto, asking for the appointment of a receiver, and to cancel and surrender the mortgage sought to be foreclosed in the original bill as a cloud upon the title of Ethel M. Cleckler. From a decree sustaining demurrers to the cross-bill, cross-complainants appeal. Affirmed.

The original bill charged that Cleckler owed the complainant $20,000 at the time of the conveyance in 1912 by J. R. Cleckler to his wife, Ethel M. Cleckler, of certain lands, alleged the conveyance to be fraudulent, and sought foreclosure of a mortgage upon one of the tracts of land which had been so conveyed to Ethel M. Cleckler.

The cross-bill sets up that J. R. Cleckler is not indebted to the bank in any amount as an individual or in any other manner unless as a member of the firm of Little-Cleckler Construction Company; that the partnership is insolvent and has discontinued active business, but still owes money to the creditors of the firm, which these creditors are seeking to collect from the individual partners; that W. L. Little is a member of the firm and owes debts to the bank other than his liability as a partner for which he has pledged individual property to the bank; and that the indebtedness of J. R. Cleckler to the bank would be materially reduced upon an accounting between Little, the partnership, and the bank, for the reason that Little appropriated assets of the firm to his own use and had illegally used such property of the firm to pay and secure the bank large amounts on his individual indebtedness, and had paid other creditors individual debts out of the firm's assets, of all of which dealings the bank knew. The demurrers raise the question discussed in the opinion. The court denied the petition for a receiver.

Rutherford Lapsley and R. B. Carr, both of Anniston, for appellants.

The court erred in declining to appoint a receiver. 142 Ala. 444, 38 South. 664, 4 Ann. Cas. 459; 149 Ala. 96, 43 South. 141; 166 Ala. 247, 52 South. 316; 54 Ala. 463; 37 Ala. 201; 27 Ala. 432, 62 Am. Dec. 771. The cross-bill was not multifarious, nor was it a departure from the original bill. 65 Ala. 617; 56 Ala. 147; 51 Ala. 574; 188 Ala. 449, 66 South. 22; 96 Ala. 574, 11 South. 642, 18 L. R. A. 166; 192 Ala. 269, 68 South. 897; 152 Ala. 262, 44 South. 592.

Knox, Acker, Dixon & Sterne and Charles F. Douglass, all of Anniston, for appellees.

The cross-bill proceeds upon an erroneous assumption as to the liability of partners,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the demurrers were properly sustained thereto. 22 A. & E. Ency. of Law, 173.

ANDERSON, C. J. [1, 2] As a general rule, each individual partner is liable to creditors of the firm for the whole amount of every debt due therefrom. 22 Am. & E. Enc. of Law, 172; Leinkauff v. Munter, 76 Ala. 194. Nor is a creditor of the firm, except, perhaps, as to individual creditors of a member thereof, required to resort to the firm assets before looking to the individual property of the respective members of said firm for the satisfaction of his debt. 20 R. C. L. § 181, p. 1041; 22 Am. & E. Enc. of Law, 173; Bowker v. Smith, 48 N. H. 111, 2 Am. Rep. 189.

[3]. The bill in this case seeks to subject the property of a member of the debtor firm to the payment of complainant's demand against said firm, and to cancel certain conveyances made by him to his wife as fraudulent or voluntary. No individual creditor of the respondent debtor is a party to the suit or is seeking a marshaling of assets so as to require this complainant to resort to or exhaust the firm assets before looking to the individual property of one of the partners, and this complainant is not, therefore, concerned in the accounting or settlement of the partnership between the respective partners, and the cross-bill is without equity as to it. The cross-bill charges that W. L. Little has illegally appropriated funds of the firm in settlement of his individual debts, and that it was through the bank as a depository, and that its officers had notice of his illegal and improper conversion of the assets of the firm. The bank was in no sense a guardian of the firm, and, whether it did or did not know that Little was misusing the funds of the firm, it was in no sense responsible unless it participated therein, and the only effort to charge a participation by the bank is that Little used or deposited with it large assets to secure the bank amounts on his individual indebtedness. If Little illegally used the firm assets to secure his individual indebtedness to the bank, and it knew of said illegal use, it would, of course, be required to apply it to the firm indebtedness before going upon the members individually, and which fact can be shown by this cross-complainant in defense of the original bill. But the cross-bill does not aver that the amount so paid the bank would have canceled its debt, and unless the amount so paid exceeded the firm indebtedness there would be nothing for the bank to pay over or account for to a receiver, and there would be no need for making the bank a party to a bill for a receivership or the settlement of the partnership affairs, and which is foreign to the present original bill. Unless Little turned over to the bank more than the firm owed, it could not be due

a receiver anything; and, if the bank attempted to collect its debt from the firm, the receiver or the individuals, they can defeat a recovery pro tanto as to the misapplication of any illegal payments made by Little with assets belonging to the firm upon his individual account. The trial court did not err in sustaining the demurrer to the cross-bill, and the decree is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes