140 So. 565

## CAUTHEN v. NORMAN.

### 4 Div. 627.

Supreme Court of Alabama.

March 24, 1932.

Frank B. Bricken, of Luverne, for appellant.

Powell & Hamilton, of Greenville, and W. H. Stoddard, of Luverne, for appellee.

BROWN, J.

This appeal is from a judgment of the circuit court denying appellant's motion to quash an execution issued on a forfeited claim bond. The evidence is without conflict, and to state the facts briefly: M. R. Norman, on October 9, 1924, sued A. D. Cauthen on account, and on June 8, 1925, had judgment thereon for $101.90, on which execution was issued which was levied on a mule as the property of the defendant. The appellant thereupon filed a claim affidavit and bond with sureties thereon, and the mule was delivered to her. Proper return of this fact was made by the sheriff, and a trial of the rights of property was had, resulting in a verdict and judgment in favor of the plaintiff and against the claimant for costs, ascertaining the value of the mule to be $150.

Before the expiration of thirty days provided for return of the property to the sheriff as a condition in the bond, the judgment defendant filed his declaration claiming the mule as exempt to him from levy and sale under the execution. The claimant, appel-

lant here, paid the costs, but failed to deliver the mule to the sheriff within thirty days as required by the statute and the condition of her bond, and the sheriff indorsed the bond forfeited. Code 1923, § 10378.

The contention of the appellant is that inasmuch as the property is exempt to the defendant in judgment from levy and sale, she should not be required to pay its value in satisfaction of the bond, and to require her to do so would, in effect, deny the right of exemption secured by the Constitution and statute to the defendant in judgment.

The case of Boylston v. Rankin & Co., 114 Ala. 408, 21 So. 995, 62 Am. St. Rep. 111, is cited as supporting appellant's contention. In that case, after the trial of the rights of property, the property levied on was delivered to the sheriff, and the defendant in judgment interposed his claim of exemption thereto, and the contention there was that defendant had testified on the trial of the claim suit that he had bought the property for the claimant and was estopped to assert his ownership of the property. This contention was denied, and it was held that the judgment defendant was entitled to claim the property as exempt.

The claimant was a volunteer, intervening as she had the right to do under the statute, to assert her ownership of the mule, a claim wholly inconsistent with the ownership of the property by the defendant in judgment. While she had the legal right to surrender the property in compliance with the statute and the condition of her bond, and discharge her liability thereunder, yet she could not fail or refuse to deliver the property, as she engaged to do, and set up a right in another in avoidance of her liability. She was not entitled to have the execution quashed, and the judgment denying her motion will be affirmed. On proper application to the circuit court, she can be protected against liability for costs which she has already paid.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.